On Motion to Dismiss.
The opinion of the court was delivered by
McEnery, J.
The plaintiff brought suit against the Board of Assessors, the Treasurer of the City of New Orleans and the State Tax Collector, for the purpose of having the assessments against his property situated in the city of New Orleans, from 1870 to 1888, both inclusive, enrolled and canceled, for both city and State taxes.
*1124 Subsequently, on the 22d September, 1889, he enjoined the State Tax' Collector ahd the Oity Treasurer from proceeding to sell the property for taxes alleged to be due for the years 1880 to 1883, inclusive, on the ground that they were assessed in the name of another party. These suits were consolidated and tried together. There was judgment for the plaintiff, from which the city and State appealed. .
The plaintiff has filed a motion to dismiss the appeal on the ground that the record does not affirmatively show that the amount in dispute is within the jurisdiction of this court.
The amount of the taxes due the city and State do not appear in the pleadings. But in plaintiff’s brief it is stated “that after a careful inspection of the record we have only been able to find the taxes claimed by the State from 1880 to 1883, amounting to $355.67, and those claimed by the city from 1877 to 1884, and from 1886 to 1887, amounting to $1947.60.” This appears in the record, and is a matter of proof offered by the plaintiff. But if there were any doubt as to the amount of taxes involved due the city, it is dissipated by the affidavit filed in this court by the Oity Treasurer, showing the amount of taxes due the city alone to be the sum of $2500.40.
This is sufficient to vest this court with jurisdiction. State ex rel. Daboval vs. Police Jury, 39 An. 739.
It is, however, contended by plaintiff that the taxes claimed by the city and State for cash assessment or both together do not exceed $2000, and that the taxes claimed on all the assessments should not be consolidated for the purpose of giving jurisdiction.
There are no separate demands for the cancellation of distinct assessments either for the city or State assessments. There is only one demand for the erasure and cancellation of all .assessments, State and city, which had been inscribed and operated as a mortgage or privilege on his property. The prayer of plaintiff’s petition is “that there be judgment in favor of petitioner ordering the cancellation of the assessments of his property as described herein, * * * and ordering the cancellation of all tax inscriptions for State and city taxes from 1870 to 1888, both inclusive, standing of record and uncanceled in the mortgage office of this parish and on the rolls and books in possession of defendant.”
The grounds for the cancellation of State and city taxes are identical, and they were made defendants and sued together as hav *1125 ing a common interest. There was one cause of action against both. The object of the suit was to compel defendants to cancel certain tax ineriptions against the property of plaintiff. These inscriptions complained of amount to more than $2000. This is the amount in dispute, and this court, therefore, has jurisdiction. Breaux vs. Recorder of Mortgages, 36 An. 742; Pease vs. Police Jury, 34 An. 137; Favrot vs. City of Baton Rouge, 38 An. 280; Reed vs. Creditors, 89 An. 116.
The motion to dismiss is denied.